# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AmGUARD INSURANCE COMPANY a/s/o SPA CO INC. d/b/a Andreas<br>Plaintiff,<br>v.<br>C&M, LLC,<br>Defendant. | Case No.:<br><br>Jury Trial: ☒ Yes ☐ No |

## COMPLAINT

Plaintiff, AmGUARD Insurance Company, as subrogee of Spa Co. Inc. d/b/a Andreas, by and through its counsel, files this Complaint against Defendant, C&M, LLC, and avers as follows:

## PARTIES

1. Plaintiff, AmGUARD Insurance Company, as subrogee of Spa Co. Inc. d/b/a Andreas ("AmGUARD"), is a Pennsylvania insurance company engaged in the business of issuing policies of insurance and maintains a principal place of business at 16 South River Street, Wilkes-Barre, PA 18703-0020. At all times relevant hereto, AmGUARD was authorized to transact business and issue policies of insurance in the State of Rhode Island.

2. At all times relevant hereto, AmGUARD issued a policy of insurance to Spa Co. Inc. d/b/a Andreas ("Spa Co."), under policy number SPBP137673 (the "Policy") for its business located at 268 Thayer Street, Providence, Rhode Island 02906 (the "Subject Property").

3. Upon information and belief, Defendant C&M, LLC ("C&M") is a domestic limited liability company doing business in the State of Rhode Island with its principal office located at 2158 Plainfield Pike, Unit 9, Cranston, Rhode Island 02921. Upon information and belief, C&M was at all relevant times hereto engaged in the business of providing contracting and/or

water restoration services.

## JURISDICTION

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, because Plaintiff AmGUARD is a Pennsylvania company and Defendant C&M is a Rhode Island limited liability company, and the matter in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5. Venue is appropriate in this District pursuant to 28 U.S.C. §1391 because, on information and belief, C&M is a limited liability company that resides in this judicial district, and this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

6. AmGUARD's insured Spa Co. operated its restaurant business at the Subject Property at the time of the loss.

7. Following a water loss at the Subject Property in 2018, Spa Co. hired C&M to perform restoration services at the Subject Property.

8. C&M's restoration services included *inter alia*, testing and repairs to the fire protection system, installation of insulation, gypsum board, and suspended ceiling systems, and rough-in plumbing.

9. C&M's 2018 restoration services included services to the patrons' bathrooms, as well as the areas above the ceilings where a wet fire protection system was located.

10. The 2018 water loss ("2018 Incident") was caused by a freeze-up event that caused pipes to burst above the ceiling of the ladies restroom.

11. C&M's 2018 restoration services were intended to repair pipes and fixtures that were

        damaged by the freeze-up event, remove saturated materials and otherwise restore the property.

12. On or about February 1, 2021 a subsequent water loss occurred at the Subject Property ("Subject Incident").

13. AmGUARD conducted a forensic investigation to determine the origin and cause of the Subject Incident.

14. AmGUARD's forensic engineer confirmed that the Subject Incident originated above the ceiling of the men's restroom.

15. AmGUARD's forensic engineer further confirmed that the origin of the Subject Incident was in close proximity to the 2018 Incident.

16. AmGUARD's forensic engineer determined that the cause of the Subject Incident was the infiltration of cold air that entered the space above the restroom ceilings, which caused the wet sprinkler system piping in that vicinity to freeze up and rupture.

17. AmGUARD's forensic engineer also located a large hole in the insulation that was installed by C&M following the 2018 Incident, which allowed additional cold air to enter the unconditioned space above the restroom ceilings.

18. AmGUARD's forensic engineer additionally determined that C&M placed the wet sprinkler system back into service following the 2018 Incident, even though it was located in a section of the building that was not reliably maintained at forty (40) degrees Fahrenheit or above, which is a violation of the National Fire Protection Association's code 13.

19. C&M's acts and omissions following the 2018 Incident caused the Subject Incident.

20. Pursuant to the insurance policy by and between Spa Co. and AmGUARD ("Subject Policy"), Spa Co. reported a claim to AmGUARD.

21. According to the terms of the Subject Policy, AmGUARD issued payments totaling two-

hundred seventy-nine thousand forty-six dollars and thirty-five cents ($279,046.35) to Spa Co., which includes Spa Co.'s five-hundred-dollar ($500) deductible.

22. Pursuant to the terms of the Subject Policy and in accordance with the common law, AmGUARD is subrogated to the rights of Spa Co. to the extent of the payments made by AmGUARD.

## COUNT ONE - NEGLIGENCE

23. AmGUARD re-alleges paragraphs 1 through 22.

24. At all times relevant hereto, C&M owed Spa Co. a duty to exercise reasonable care in performing C&M's restoration services in 2018, to avoid creating an unreasonable risk of harm to the Subject Property.

25. C&M breached its duty in one or more of the following ways thereby exposing Spa Co. to property damages and other resulting harm associated with a water leak:

    (A) failed to properly insulate the area above the ceiling;

    (B) installed installation that contained holes and/or gaps in it;

    (C) improperly tested and/or repaired the wet fire protection system components;

    (D) improperly placed back into service the wet fire protection system;

    (E) failed to follow the applicable codes, standards and/or regulations in performing its services;

    (F) otherwise failed to exercise due care.

26. As a direct and proximate result of C&M's negligent actions, Spa Co. sustained damages.

27. Pursuant to the terms and conditions of the applicable insurance policy, AmGUARD paid to Spa Co. a total amount of two-hundred seventy-nine thousand forty-six dollars and thirty-five cents ($279,046.35), which includes Spa Co.'s five hundred dollar ($500) deductible

for emergency cleaning, repairs, business interruption and other damages to Spa Co's property, inclusive of the deductible, which resulted from Defendant C&M's negligent conduct.

28. Plaintiff, AmGUARD, now stands subrogated to the rights of Spa Co. against Defendant, C&M, in the amount of amount of two-hundred seventy-nine thousand forty-six dollars and thirty-five cents ($279,046.35).

WHEREFORE, Plaintiff, AmGUARD Insurance Company, prays that this Honorable Court enter judgment against the Defendant, C&M LLC in the amount of two-hundred seventy-nine thousand forty-six dollars and thirty-five cents ($279,046.35) together with interests, costs, attorney's fees and any other such relief that this Honorable Court finds fair and just.

## JURY DEMAND

The Plaintiff hereby respectfully requests a jury trial on each and every issue plead within this Complaint or to be pleaded.

Respectfully submitted,

_____
Shannon M. Warren, Esq.
RI Juris #8511
Uehlein & Associates, LLC
200 Friberg Parkway, Suite 4000
Westborough, MA 01581
508-630-5625
swarren@isgfocus.com

Dated: January 31, 2023